UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELLY ALLEN,<br><br>               Plaintiff,<br><br>     v.<br><br>HARIS,<br><br>               Defendant. | Case No.  2:20-cv-02396-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

Plaintiff Telly Allen is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has filed a complaint alleging that defendant Haris violated his due process rights by secretly searching his cell.  ECF No. 1 at 3.  The complaint, for the reasons stated below, does not state a viable claim.  I will give plaintiff leave to amend.  Plaintiff has also filed an application to proceed *in forma pauperis*, ECF No. 2, which I will

1 grant.[1]

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

////

////

---

[1] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

**Analysis**

Plaintiff alleges that, on October 15, 2020, his cell was searched while he was at the mess hall. ECF No. 1 at 3. He claims that defendant Haris conducted the search secretly and, in doing so, violated plaintiff's due process rights. *Id.* Plaintiff also claims that the search was "more than likely" a form of harassment, though he does not allege what evidence supports this conclusion. *Id.* Finally, he claims that prison officials violated his due process rights by failing to offer him adequate process to contest the legality of Haris' search. *Id.*

Plaintiff's allegations fail to state a cognizable due process claim. Under the Supreme Court's decision in *Sandin v. Conner*, inmates' due process rights are violated only when a restraint imposed by prison officials "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995). The Ninth Circuit has held that inspection of a pre-trial detainee's legal papers outside his presence did not amount to an "atypical and significant hardship." *See Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996) ("Thus the inspection of Shabazz's legal papers in his absence is simply not a dramatic departure from the basic conditions of his incarceration, even in his status as a pretrial detainee."); *see also Hudson v. Palmer*, 468 U.S. 517, 527 (1984) ("Virtually the only place inmates can conceal weapons, drugs, and other contraband is in their cells. Unfettered access to these cells by prison officials, thus, is imperative if drugs and contraband are to be ferreted out and sanitary surroundings are to be maintained."). It follows that plaintiff, who has been convicted, does not have a due process right to avoid searches of his cell or to be present during such searches.

Plaintiff's allegation that the cell search was likely harassment does not give rise to a First Amendment retaliation claim. The Ninth Circuit has held that such a claim requires "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, plaintiff has not identified any protected conduct that allegedly triggered retaliation. If he believes that some protected conduct motivated the cell search, he may identify that conduct in any amended complaint he chooses to

1  file.

2  Next, plaintiff's claim that prison officials denied him adequate process to challenge the
3  legality of the cell search also fails. First, he has not identified any defendant responsible for the
4  alleged lack of process. Second, he acknowledges that he was able to challenge the search by
5  filing a prison grievance. ECF No. 1 at 3. He claims, however, that the grievance system did not
6  protect his due process rights because, even though his grievance was granted at the first level,
7  defendant Haris was never punished. *Id.* There is no right to a specific grievance procedure,
8  much less any right to a particular outcome associated with filing a grievance. *See Ramirez v.*
9  *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff was afforded the opportunity to make an
10 administrative claim and he received a decision thereon. That was enough. *See Mathews v.*
11 *Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the
12 opportunity to be heard at a meaningful time and in a meaningful manner.") (citations and
13 internal quotation marks omitted).

14 Finally, I note that, while plaintiff alleges that his cell was "ransacked," he does not
15 explicitly allege that Haris deprived him of property. To the extent that he does intend to make
16 such a claim, it is foreclosed, because he has an adequate postdeprivation remedy under
17 California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional
18 deprivation of property by a state employee does not constitute a violation of the procedural
19 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
20 postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th
21 Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property
22 deprivations.").

23 I will allow plaintiff an opportunity to amend his complaint. Should plaintiff choose to
24 amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state
25 what actions each named defendant took that deprived him of constitutional or other federal
26 rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff
27 must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"
28 *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each

defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm that he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

If plaintiff chooses to stand on his complaint and not amend, I will recommend that it be dismissed for failure to state a cognizable claim.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   February 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE